IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAR 2 8 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| JOSE GUZMAN and MARIA GUZMAN, § § Plaintiffs, § § v. § § TA HSING ELECTRIC WIRE AND § CABLE CO., LTD., § § Defendant. § | Civil Action No. H – 02 – 4295 |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Final Summary Judgment and Plaintiffs' Motion for Enlargement of Discovery Period/Motion for Continuance. For the following reasons, Plaintiffs' Motion for Enlargement of Discovery/Motion for Continuance is **DENIED**, and Defendant's Motion for Final Summary Judgment is **GRANTED**.

I.  **BACKGROUND**

This case involves an electrical fire that occurred at Plaintiffs' residence. The smoke and fire caused extensive damage to Plaintiffs' home. At the time of the fire, Texas Farmers Insurance Company ("Texas Farmers") insured Plaintiffs' residence; Texas Farmers paid for the property damage suffered by Plaintiffs in accordance with the terms and conditions of the insurance policy.

Almost two years after the fire, Diversified Product Inspections, Inc. prepared an Investigation Report ("Diversified's Report") for Texas Farmers, concluding that the fire was caused by a "high resistance connection forming in the female end" of an extension cord. Def.'s

Mot. for Summ. J. Ex. B at 2.  Plaintiffs filed suit against Defendant for products liability and strict liability, claiming that Defendant manufactured the allegedly defective extension cord.

Defendant now moves for final summary judgment, arguing that it did not manufacture, design, or assemble the extension cord or the female end of the cord, which has been determined to be the source of the fire.  Plaintiffs are unable to rebut this contention, and move for more time to conduct discovery.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented.  *See* Fed. R. Civ. P. 56(c).  "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (citations omitted).  Evidence is construed in the light most favorable to the non-moving party. *Id.*

"[A] complete failure of proof concerning an essential element of [Plaintiffs'] case necessarily renders all other facts immaterial" and "mandates the entry of summary judgment" for Defendant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If Defendant shows that there is a lack of evidence to support Plaintiffs' case, Plaintiffs "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Kee*, 247 F.3d at 210 (citation omitted).  Plaintiffs cannot satisfy this burden with conclusory allegations,

unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

### B. No Evidence That Defendant Manufactured the Defective Component

Defendant is a component-part manufacturer. Under Texas law, "strict liability for component-part manufacturers is limited when the component part is integrated into a larger unit before distribution." *Bostrom Seating, Inc. v. Crane Carrier Co.*, 140 S.W.3d 681, 683 (Tex. 2004). "[I]f the component-part manufacturer does not participate in the integration of the component into the finished product, it is not liable for defects in the final product if the component itself is not defective." *Id.*

Plaintiffs' belief that Defendant manufactured the extension cord is based on a finding in Diversified's Report, stating: "There was a UL listing[1] of E56356 on the cord that identified the manufacturer as [Defendant] TA HSING Electric Wire and Cable Co. Ltd, located in Taiwan." Def.'s Mot. for Summ. J. Ex. B at 2. Defendant has presented sufficient evidence to demonstrate that it did not design, manufacture, assemble, or distribute the extension cord. In an affidavit, Sylvia Lin, Defendant's CEO, testified that Defendant did not begin to manufacture entire extension cords until November 2002 – two years after the fire occurred.

Furthermore, UL listing E56356 is the identification marking for the flexible cord, not the extension cord. Flexible cord is an assembly of two or more conductors; it is a component part of the extension cord.

> [F]lexible cord is a type of cord or cable that is often used in extension cords, but is not itself an extension cord because it does not include the plug and receptacle attachments. Companies that do not manufacture flexible cord occasionally purchase flexible cord from [Defendant], mold their own plug and receptacle fittings or attachments to them, and then sell the extension cord.

---

[1] A UL listing is an alphanumeric marking developed by Underwriters Laboratories, Inc. ("UL"), an organization acknowledged by the Occupational Safety and Health Administration as a Nationally Recognized Testing Laboratory.

3

Def.'s Mot. for Summ. J. Ex. F. Defendant only manufactured the flexible cord, and Plaintiffs do not allege that the flexible cord was defective. Because Defendant's component part (i.e., the flexible cord) is not defective, and Defendant did not participate in the integration of the flexible cord into the final product (i.e., the extension cord), Defendant is not liable for the defects in the extension cord.

Because Plaintiffs have not identified a defect in the flexible cord, or shown that Defendant manufactured the entire extension cord or the female component of the cord, they have failed to prove an essential element of their case. In their response, Plaintiffs admit that they have no facts with which to rebut Defendant's argument. Plaintiffs allege, however, that Ms. Lin's credibility is in issue because she is Defendant's CEO, and seek to depose her in order to "shed light on the facts as to when the Defendant began manufacturing products like the female receptacle at issue." Pls.' Resp. to Def.'s Mot. for Summ. J. at 4. Plaintiffs offer no credible reason to doubt Ms. Lin's statements.[2] Nor have they produced any evidence to suggest that Defendant manufactured the female receptacle that allegedly caused the fire.[3] Plaintiffs request a continuance to conduct further discovery under Federal Rule of Civil Procedure 56(f).

### III. MOTION FOR ENLARGEMENT OF DISCOVERY PERIOD

To comply with Federal Rule of Civil Procedure 56(f), Plaintiffs must show (1) why they need additional discovery and (2) how that discovery will create a genuine issue of material fact. *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534-35 (5th Cir. 1999). If Plaintiffs

---

[2] Plaintiffs' only explanation that Ms. Lin is not a credible witness is that she is employed by Defendant. This is not a reason to doubt the veracity of her statements. Ms. Lin – as a long-term employee and current CEO of Defendant – is in the best position to testify on issues regarding the design, manufacture, and distribution of Defendant's products.
[3] Presumably, Plaintiffs' theory is that because Defendant manufactured the flexible cord, it *could* also have manufactured the female receptacle that was attached to it; although they offer no evidence whatsoever to prove this theory. In fact, the plug, or male attachment, of the extension cord at issue was clearly not manufactured by Defendant – this fact cuts against Plaintiffs' theory.

have not diligently pursued discovery, however, they are not entitled to relief under Rule 56(f). *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). The Court need not address whether Plaintiffs have shown why they need additional discovery to create a genuine issue of material fact, because they were not diligent. *Id.*

This case was filed in November 2002. The deadline to complete discovery was October 8, 2004. Plaintiffs waited until the last day of the discovery period to propound any written discovery. Plaintiffs never noticed the deposition of Ms. Lin, or any other witnesses, even though Ms. Lin's identity was disclosed to Plaintiffs more than one month before the discovery deadline. Moreover, Plaintiffs never requested modification of the Scheduling Order and never asserted any complaint about insufficient time to conduct discovery until more than one month after the discovery period closed and Plaintiffs were faced with Defendant's Motion for Summary Judgment. Plaintiffs have failed adequately to explain why they did not engage in the discovery they now request prior to the deadline.

## IV. CONCLUSION

Because Plaintiffs did not diligently pursue discovery, their Motion for Enlargement of Discovery Period/Motion for Continuance is **DENIED**. Defendant has demonstrated that there is a lack of evidence to support Plaintiffs' case because Plaintiffs cannot prove that Defendant manufactured the allegedly defective receptacle. Plaintiffs have failed to designate specific facts showing that there is a genuine issue for trial. Defendant's Motion for Summary Judgment is therefore **GRANTED**.

IT IS SO ORDERED.

SIGNED this 28th day of March, 2005.

                                                KEITH P. ELLISON
                                                UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**